[No. 6341. Decided December 8, 1906.]

CHESTER D. WRIGHT et al., Appellants, v. MARION JESSUP, Respondent.[1]

LIS PENDENS—NOTICE—EFFECT ON PRIOR UNRECORDED INTEREST. The filing of a *lis pendens*, in an action to foreclose a street assessment lien, and the subsequent judgment and sale, cuts off any interest of the parties to the action, and also of one claiming under a party by an unrecorded assignment of a sheriff's certificate of sale, whether the purchaser at the foreclosure sale had notice of such assignment or not, when such assignment was inferior to the lien foreclosed; hence a quitclaim deed from such party or assignee, made after judgment, conveys no title.

EJECTMENT—PLAINTIFF'S TITLE—TITLE IN THIRD PERSON. In ejectment it is of no avail for plaintiffs, on failure to prove title in themselves, to claim that defendant's title by foreclosure is defective for failure to join a necessary party, a third person, who accordingly held the title.

TAXATION. Parties claiming adversely many strengthen their titles by obtaining a tax or street assessment deed.

Appeal from a judgment of the superior court for Whatcom county, Joiner, J., entered March 21, 1906, upon find-

[1]Reported in 87 Pac. 930.

ings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*Fairchild & Bruce*, for appellants.

*Hardin & Hurlbut* and *Black, Kindall & Kenyon*, for respondent.

RUDKIN, J.—This was an action of ejectment to recover possession of a certain lot in the city of Bellingham. From a judgment in favor of the defendant, the plaintiffs have appealed.

The material facts are as follows: On and prior to the 13th day of May, 1892, Charles G. Hopkins and wife were the owners of lot 12, of block 13, of the city of Whatcom, now a part of the city of Bellingham. On the 20th day of June, 1894, J. W. Emerson recovered judgment against Hopkins and wife, in the superior court of Whatcom county, for the sum of $75, together with costs and attorney's fees. On the 19th day of June, 1895, Hopkins and wife conveyed the premises by warranty deed to Henry Herrman. On November 16, 1896, J. S. Emerson commenced an action in the superior court of Whatcom county against Henry Herrman, and sued out a writ of attachment, under which the premises were levied upon and attached. On February 23, 1897, judgment was rendered in the attachment suit, and the attached premises ordered sold. The sale under execution took place on the 3d day of April, 1897, J. S. Emerson becoming the purchaser, and receiving a certificate of purchase from the sheriff. On the same day, Emerson assigned all his right, title, and interest in the certificate of purchase and the property therein described to the Emerson Investment Company, a corporation, by written endorsement on the back of the certificate. On the 4th day of June, 1897, J. S. and J. W. Emerson conveyed the premises to the Emerson Investment Company by quitclaim deed. On October 25, 1897, the Emerson

Investment Company assigned to Elizabeth Jane Herrman the above certificate of purchase, with all its interest in the premises therein described, by written endorsement on the back of the certificate.

On the 28th day of March, 1900, the city of New Whatcom commenced an action in the superior court of Whatcom county to foreclose a lien for a street grade assessment against the premises, in which action the Emerson Investment Company, Henry Herrman, and others, were made defendants; and at the time of filing the complaint, a notice of *lis pendens* was filed in the office of the county auditor of Whatcom county. Elizabeth Jane Herrman and H. P. Herrman, her husband, were not made parties to this action; but at the time of the commencement of the action and at the time of filing the notice of *lis pendens,* the records of the auditor's office in Whatcom county disclosed no interest in the premises in either Elizabeth Jane Herrman or her husband. The city recovered judgment in the foreclosure suit on the 31st day of May, 1900, and on the 14th day of July, 1900, the premises were sold under execution to the respondent in this action. The sale was duly confirmed, and on the 9th day of September, 1901, a sheriff's deed was issued to the purchaser, which was recorded on the 26th day of May, 1902. On May 6, 1902, Henry Herrman executed a quitclaim deed of the premises to G. A. Miller. October 13, 1902, Elizabeth Jane Herrman and husband executed a quitclaim deed of the premises to Leonard E. Miller. On March 14, 1905, Leonard E. Miller and G. A. Miller executed a quitclaim deed of the premises to the appellants.

In view of the conclusion we have reached as to the effect of the judgment of foreclosure in the action to foreclose the street grade assessment, and the sheriff's deed issued thereunder, we do not deem it necessary to consider other questions discussed in the briefs. From the foregoing statement, it will be observed that the appellants claim title from two sources;

first, through a quitclaim deed from Henry Herrman; and second, through a quitclaim deed from Elizabeth Jane Herrman and H. P. Herrman, her husband. Any right or title Henry Herrman may have had in the premises was vested in him at the time the action to foreclose the street grade assessment was commenced, and at the time final judgment was rendered therein. Henry Herrman was a party to that action, and assuming that his title had not been divested prior to the commencement of the action, the foreclosure judgment and sheriff's deed cut off any interest he had in the premises. The quitclaim deed thereafter executed by him conveyed nothing. On the other hand, any title or interest the appellants may claim through the quitclaim deed from Elizabeth Jane Herrman and husband was vested in Elizabeth Jane Herrman and husband at the time of the commencement of the action to foreclose the street grade assessment, under the unrecorded assignment of the certificate of purchase from the Emerson Investment Company. The Emerson Investment Company was a party to that action, and the filing of the notice of *lis pendens* and the subsequent judgment and sheriff's deed cut off any interest the Herrmans may have acquired through their unrecorded assignment. The appellants contend that the respondent and those under whom he claims had notice, actual or constructive, of the unrecorded assignment, but this fact is immaterial. The effect of filing a notice of *lis pendens* in a foreclosure suit was fully considered by this court in *Payson v. Jacobs*, 38 Wash. 203, 80 Pac. 429. In that case the court said:

"This court has frequently held that the holder of the legal title to real property is a necessary party to an action to foreclose a mortgage or other lien against it. *Dane v. Daniel*, 23 Wash. 379, 63 Pac. 268, and cases cited. Since the holder of the legal title is an essential party to such an action, it is equally essential that the holder of the mortgage or other lien should have certain and definite means of ascertaining who is the holder of the legal title, within this rule. In our

opinion our statute furnishes such means. Bal. Code, § 4887, provides for the filing of a notice of *lis pendens* in actions affecting the title to real property, and that, from the time of filing such notice, the pendency of the action is constructive notice to purchasers and incumbrancers of the property affected by the action, 'and every person whose conveyance or incumbrance is subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were a party to the action."

And after discussing other questions not material here, the opinion concludes as follows:

"As stated above, the correct rule is that the claimant under an unrecorded instrument is bound by the judgment of foreclosure, to the same extent, and in the same manner, as if he were a party to the action, where the *lis pendens* is filed. If the claim under the unrecorded instrument is superior and paramount to the claim of the plaintiff in the foreclosure, and the plaintiff had notice of such unrecorded instrument, the claimant under the unrecorded instrument would not be bound as a party to the action, and therefore will not be bound if not made a party, even though the *lis pendens* be filed. But, if the claim under the unrecorded instrument is junior and inferior to the claim under the mortgage, the holder thereof is bound absolutely, because he would be so bound if made a party defendant."

The lien of the street grade assessment was paramount and superior to the claim of any of the parties hereto, and the judgment of foreclosure is therefore binding upon the appellants, and those under whom they claim, by reason of the notice of *lis pendens*.

It is argued that the wife of George Vautier was not made a party to the foreclosure proceedings, but the appellants' entire case rests upon the theory that Vautier and wife had no interest in the property. If this is true, she was neither a necessary nor proper party to that action. If, on the other hand, the Vautiers had title, the appellants have none, and cannot complain of the omission to make Mrs. Vautier a

party. Furthermore, the Vautiers have conveyed the premises by warranty deed to the respondent. Some claim is made that the relation of landlord and tenant existed between the parties to this action, by construction or operation of law. The record affords no basis for this claim, but if it did, the parties were claiming adversely to each other, and either might lawfully strengthen his claim by obtaining a tax or street assessment deed. *Stoll v. Griffith*, 41 Wash. 37, 82 Pac. 1025.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, DUNBAR, and CROW, JJ., concur.