[No. 23761. Department One. August 19, 1932.]

GLOBE CONSTRUCTION COMPANY, *Appellant*, v. AMANDA C. YOST *et al., Respondents.*[1]

*J. W. A. Nichols* and *F. K. P. Baske,* for appellant.
*G. W. Louttit,* for respondents.

STEINERT, J.—On April 14, 1931, plaintiff began an action in ejectment against defendants to quiet title to certain real estate in Snohomish county, Washington, and for damages for withholding possession

[1]Reported in 13 P. (2d) 433.

thereof from plaintiff. Defendants answered by way of general denial, and also by way of an affirmative defense alleging that, in a former action, begun December 11, 1930, they had acquired title to the property through mortgage foreclosure proceedings. Later, defendants, by a separate pleading, incorporated an additional affirmative defense in their answer. Plaintiff filed replies consisting of admissions and denials, and also affirmative matter alleging that service had not been obtained on the principal defendant in the former action.

When the case was called for trial, a jury was impaneled, but not sworn. According to the memorandum opinion filed by the trial court, plaintiff's counsel then made an opening statement, although a reporter does not seem to have been present at the time or else he did not report the statement; at any rate, it does not appear in the record. Before any evidence was taken, defendants' counsel suggested to the court that a preliminary question of jurisdiction should first be determined. The jury was then excused, and a protracted argument between court and counsel ensued. The argument was mainly directed to the question of what effect the proceedings and judgment in the prior action had upon the present action.

In order to fully understand the situation, it is necessary, at this point, to detail some of the facts with reference to the other case, which was cause No. 29485 of the superior court for Snohomish county. It appears that Seattle Conifer Nursery, a corporation, on April 26, 1928, executed and delivered to the defendant herein, Amanda C. Yost, its note for five thousand dollars, secured by a mortgage on the real estate herein involved. The mortgage was duly recorded April 27, 1928. Upon default in certain interest payments, the mortgagee declared the whole amount of principal

and interest due, and brought a foreclosure action. Among the parties defendant was one Sue Neill Powers, alleged in the complaint to have some interest in the property, but subject to the lien of the mortgage. Later, the complaint was amended to bring in an additional party, Carl M. Lundstrom, who was the president of the plaintiff in this action.

A notice of *lis pendens* was filed at the time that the suit was originally begun, and a second notice filed at the time that the complaint was amended. Pending the action, a receiver of the property was appointed and duly qualified. Service was had upon the corporation, Seattle Conifer Nursery, by delivering a copy of the summons and complaint to Sue Neill Powers, its secretary. No appearance was made by the corporation or by Lundstrom, and a default was taken against each of them. Sue Neill Powers entered her appearance, but upon her failure to file any answer, a default was taken against her.

The cause coming on for trial, a judgment of foreclosure was entered March 7, 1931, and thereafter, on April 18, 1931, the real estate was sold under execution by the sheriff and bid in by the plaintiff in that action, Amanda C. Yost, who is one of the defendants here, for the amount of her judgment. In the meantime, the receiver was retained to preserve certain shrubbery and other personal property on the premises.

On May 2, 1931, the plaintiff herein, on its own motion, was substituted as defendant in that action in place of Sue Neill Powers. On May 6, 1931, plaintiff filed a motion in that case, asking that the order appointing a receiver therein be vacated. The motion was supported by the affidavit of Carl M. Lundstrom, president of the plaintiff, who alleged that the plain-

tiff had become the owner of the property on October 25, 1930. The motion to vacate was subsequently denied. Plaintiff's deed evidencing its title to the property was not of record at the time that the present action was begun, nor at the time that the notices of *lis pendens* were filed.

Coming back to the present case, it is apparent from the record before us that all the parties considered that the record in the former case was properly before the court in the preliminary argument between court and counsel. In fact, the court said in the early part of the discussion:

"Now we are assuming now that this foreclosure record is in evidence for the purpose of this ruling. I will assume that this foreclosure record is in evidence in this case."

Counsel made no objection to such assumption by the court, and themselves repeatedly referred to portions of that record. After the trial judge had in various ways indicated the trend of his views, he announced that he would take the case under advisement and permit counsel to submit briefs, under the assumption "that the records in cause No. 29485 were in evidence before the court for the purpose of making this ruling." He further said:

"So the facts are true in said cause, but when the court takes judicial notice by agreement of Cause No. 29485, it then presents a legal question as to whether or not you can now assert in an independent action a title to property which was subsequently litigated in an action in which you were a party, and I am very, very, very strong of the opinion that that can't be done, but, as I have stated, I would very much prefer to have you file a brief."

And still further:

"If a motion is made for judgment on the pleadings, that is, admitting in evidence the files and records in

Cause No. 29485. So that is what I am doing, and at the expiration of ten days, if I don't have a brief from counsel for the plaintiff I will on the record as it is presented to the court, dismiss the action.''

The foregoing proceedings occurred September 23, 1931. Under the status of the case as it then stood, the cause was taken under advisement, and counsel subsequently filed their briefs. On, October 30, 1931, the court, after careful and painstaking study of the record and the authorities, prepared a lengthy and very able memorandum opinion, denominated ''ruling,'' which was filed. On November 2, 1931, the court entered its judgment dismissing plaintiff's action. In the judgment, it was stated that the ruling was to be considered as the court's findings of fact and conclusions of law. The gist of the ruling is contained in the following language of the court:

''Aside from the question as to whether this cause is a direct or collateral attack upon the judgment in cause No. 29485, I think there is at least one reason why the plaintiff cannot prevail. . . .

''It conclusively appears from the records in cause No. 29485 that the only right that the Globe Construction Company asserts to the property in question is that which it derived from Sue Neill Powers. It asserts no claim through the Conifer Nursery. . . .

''The Globe Construction Company, having by its own motion been substituted in the former action for Sue Neill Powers, who appeared therein and defended, in my opinion is bound by the judgment to the same extent that it would have been bound had it been originally a party therein. It had a right to stay out of that action, and to, in this or any other action, assert any right which it may have had to the property in question, but having voluntarily become a party to that action it had an opportunity to present and urge any claim which it may have had to the property therein involved.''

The plaintiff has appealed, and in its brief has submitted twenty-three assignments of error, counting their various subdivisions. Many of the assignments affect only matters of procedure and matters which rest in the sound discretion of the trial court. These it will not be necessary to notice, owing to our disposition of the cause upon its merits. The case presents many difficult problems, owing to its intricacies of fact, the rather informal procedure adopted at the hearing, and the deletions indicated in the statement of facts. To fully understand the details in their bearing upon each other, we have had to have frequent recurrence to the various parts of the record. Our conclusion rests upon four grounds:

■ We are of the opinion that, under the procedure adopted at the trial, as we have outlined it, the record in the former action, cause No. 29485, was properly before the court for consideration when it took the present case under advisement and made its final ruling thereon. Had this case gone on to trial upon the facts, that record would have been competent and admissible under the pleadings. Had it been admitted, it would, in our opinion, have been a bar to any recovery in this action. Being properly before the court, as we now hold, it has the same effect.

■ We are of the opinion that, in so far as the affirmative matter contained in the replies is concerned, it constituted a collateral attack upon the judgment in the former case. In fact, we think that it may be said that plaintiff's entire action, considered in the light in which the cause was submitted to the trial court, was a collateral attack upon that judgment. *Kalb v. German Savings & Loan Society*, 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757. The record in cause No. 29485 discloses a valid service, and the judgment is regular

on its face. To impeach it would require evidence *de hors* the record, which would not be permissible. 1 Freeman on Judgments (5th ed.), § 376; *Ex parte Sternes,* 77 Cal. 156, 19 Pac. 275, 11 Am. St. 251; *Cully v. Shirk,* 131 Ind. 76, 30 N. E. 882, 31 Am. St. 414; *Thompson v. McCorkle,* 136 Ind. 484, 34 N. E. 813, 36 N. E. 211, 43 Am. St. 334.

We are fully in accord with the trial court's ruling to the effect that the appellant, having by its own motion become substituted in the former action in the place of a defendant through whom it claims title, is bound by that judgment to the same extent that it would have been had it been originally made a party therein. *Flueck v. Pedigo,* 55 Wash. 646, 104 Pac. 1119; *Newell v. Young,* 59 Wash. 286, 109 Pac. 801; *Rowe v. Silbaugh,* 96 Wash. 138, 164 Pac. 923; *Crary v. Kurtz,* 132 Iowa 105, 105 N. W. 590, 109 N. W. 452, 119 Am. St. 549.

The appellant can not now litigate its alleged title, for the reason that any interest that it may have acquired in the property through its unrecorded deed is fully cut off by the filing of the notices of *lis pendens*. Its claim under the deed was junior and inferior to respondents' claim under the mortgage. Appellant is therefore bound by the judgment to the same extent as though it were originally a party to the action. *Payson v. Jacobs,* 38 Wash. 203, 80 Pac. 429; *Wright v. Jessup,* 44 Wash. 618, 87 Pac. 930.

Finding no error in the action or ruling of the court, its judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.