[No. 24462. Department Two. July 17, 1933.]

GLOBE CONSTRUCTION COMPANY, *Appellant*, v.
AMANDA C. YOST, *Respondent*.[1]

*F. K. P. Baske,* for appellant.

*G. W. Louttit,* for respondent.

STEINERT, J.—This action was brought to establish title to certain real estate and for the removal of a cloud cast thereon by a judgment in a former action. The answer contained a general denial, three affirmative defenses and a cross-complaint. Issues having

[1]Reported in 23 P. (2d) 892.

been joined, the cause proceeded to trial and, upon a hearing before the court without a jury, plaintiff's action was dismissed at the conclusion of its evidence. Defendant thereupon submitted evidence upon her cross-complaint, and the court thereafter entered its findings, conclusions and judgment dismissing plaintiff's complaint and quieting title to the real estate in the defendant. The plaintiff now appeals.

The litigation between the parties over the matters here in controversy has been an exceedingly protracted one. Six or seven different suits have been instituted at various times by the appellant in the superior court for Snohomish county. One of those actions, presenting many details of the present controversy between the parties, recently found its way to this court, and a decision thereon was rendered August 19, 1932. *Globe Construction Co. v. Yost,* 169 Wash. 319, 13 P. (2d) 433. The basis of the present dispute between the parties is set forth in the opinion in that case. The facts with which we are here concerned are rather intricate and somewhat confusing, by reason of the cumulative litigation. We will make a statement of only so much of the facts as we deem necessary to a proper understanding of the conclusion that we have reached herein.

Seattle Conifer Nursery was organized as a corporation by H. L. Powers and Sue Neill Powers, his wife, on or about August 18, 1927, under the laws of the state of Washington. On April 26, 1928, the corporation executed and delivered to respondent its note for five thousand dollars, secured by a mortgage on the real estate involved in this action. The mortgage was filed for record on the day following its execution. Upon the land were a greenhouse, hotbeds, a nursery and a quantity of nursery stock. On June 1, 1928, Seattle Conifer Nursery conveyed the land by war-

ranty deed to Sue Neill Powers, one of the incorporators above mentioned. On October 25, 1930, Mrs. Powers conveyed the property by statutory warranty deed to the appellant

". . . free and clear of encumbrances, except as to a mortgage of forty-five hundred dollars with interest thereon; and taxes which the grantee assumes and agrees to pay, for the year 1930."

This deed was not filed for record until June 8, 1931, a point which has an important bearing on all the litigation between these parties.

On December 11, 1930, respondent began an action, cause No. 29485 of the superior court, to foreclose her mortgage. In that action, Seattle Conifer Nursery, Sue Neill Powers and other persons, not including appellant, were made parties. The respondent, at that time. was not aware of appellant's outstanding, unrecorded deed. A *lis pendens* was filed at the time of the commencement of that action. On December 22, 1930, upon respondent's application, a receiver was appointed to take charge of the premises. In the meantime, certain events led the respondent to believe that Mrs. Powers had conveyed the property to some one, but the deed not being of record, she was unable to determine who the grantee was. Believing that Carl M. Lundstrom was the party to whom the property had been conveyed, or at least that he claimed some interest therein, respondent filed an amended complaint, after obtaining leave of court, making Lundstrom and wife additional defendants. Lundstrom, at the time, was president of the appellant corporation. A second *lis pendens* was filed at the time of filing the amended complaint.

On March 7, 1931, a decree of foreclosure was entered in that action. It appears that neither Seattle Conifer Nursery nor the Lundstroms appeared in the

action, and a default was taken against each of them. The judgment contained a provision continuing the receivership until the property was sold or until the period of redemption had expired, with authority to the receiver to sell the shrubbery in the meantime.

On April 19, 1931, the appellant corporation, claiming to have succeeded to all the rights of Sue Neill Powers in the property, appeared in the action by filing a motion to be substituted as party defendant in her place. An order of substitution was entered May 2, 1931. On May 6, 1931, the appellant moved to vacate the order appointing the receiver; the motion was based on a series of grounds, including fraud and misrepresentation alleged to have been practiced upon the court by the respondent. This motion was denied, and no appeal was ever taken therefrom. A sale of the premises was subsequently had, respondent becoming the purchaser. The sale was in due time confirmed.

Although the appellant voluntarily became a party to the above action, it took no appeal from the judgment or from any of the orders entered therein. However, on April 4, 1931, appellant had begun an independent action, cause No. 29860 of the superior court, in which it sought to be put into immediate possession of the premises, and for accrued damages in the sum of $12,230, and for continuing damages in the sum of two hundred dollars per month, by reason of having been dispossessed of the premises. That action is the one that ultimately found its way to this court. Its details are set forth in *Globe Construction Co. v. Yost,* 169 Wash. 319, 13 P. (2d) 433.

Before our decision in the last-mentioned case was rendered, the appellant began the present action and two others, all three of which are now before us on appeal. The three actions were tried at the same time, and all the evidence is contained within one state-

ment of facts. As already pointed out, the appellant seeks, in this case, to quiet title to the real estate here involved and to remove the cloud cast thereon by the judgment and decree in cause No. 29485 of the superior court. In the second action, *Globe Construction Co. v. Yost, post* p. 528, the appellant sought to recover damages for being wrongfully dispossessed of the premises, as it claimed, during the period between December 22, 1930, which was the date on which the receiver took possession under cause No. 29485, and April 18, 1931, the date of sale under the decree of foreclosure of the mortgage. In the third action, *Globe Construction Co. v. Yost, post* p. 530, the appellant sought an accounting of the use and disposition of the products and crops of the greenhouse and nursery during the period of redemption following the sale under decree of foreclosure.

■ A narration of the facts as we have outlined them, taken in connection with our decision in 169 Wash. 319, *supra,* leaves little to be said here. In that case, we held that the filing of the *lis pendens* gave constructive notice of the pendency of the action, and that appellant, being the holder of a subsequently recorded deed, was to be deemed a subsequent purchaser and was bound by the judgment to the same extent as though it were originally a party to that action. We have here the same situation, and the same principle applies.

In one respect, probably, this case differs from the one on the former appeal. There, as it was held, appellant's action constituted a collateral attack upon the former judgment. Here, it may be said, the action is a direct attack, based upon fraud alleged to have been committed by respondent in waging her action and in obtaining her judgment and decree therein. The court, however, specifically found that there had

been no fraud or deceit, and our reading of the statement of facts convinces us that the court was correct in its finding.

■ ■ Appellant complains of a finding made by the court to the effect that Seattle Conifer Nursery was properly served with process in the original action, by delivery of summons and complaint to Sue Neill Powers, its secretary. Appellant's contention is that, at the time of such service, the corporation was defunct, and that therefore no service could be had upon it; and further, that Sue Neill Powers was not the official secretary, but merely the acting secretary. The evidence discloses that the corporation was stricken from the records of the secretary of state on July 1, 1930, which was prior to the service of process in the former action. In *State ex rel. Bowen v. Superior Court,* 135 Wash. 315, 237 Pac. 722, where a similar contention was made, we held that, while such corporation would not be permitted to maintain an action, it could, nevertheless, be sued and defend. So long as a corporation may reinstate itself, it is not dead, and is, therefore, subject to process and suit. See, also, *Haynes v. Central Business Property Co.,* 140 Wash. 596, 249 Pac. 1057.

As to the official capacity of Mrs. Powers, we are satisfied that she was *the* secretary of the corporation. There were only two incorporators, one of whom by agreement was, and acted as, president, and the other, Mrs. Powers, was, and acted as, secretary.

■ The appellant further complains of a finding of the court to the effect that the receiver in cause No. 29485 had been legally and regularly appointed. Whether he was or not, the appellant here appeared in that action and specially moved that the receiver be discharged for the reason that he had been illegally and irregularly appointed. That motion was denied,

528

and no appeal was taken either from the order denying the motion or from the final judgment in that case. That matter is now *res judicata*.

We are satisfied that the errors assigned by appellant are not well founded. The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.