[No. 24461.   Department Two.   July 17, 1933.]

GLOBE CONSTRUCTION COMPANY, *Appellant*, v. AMANDA
C. YOST, *Respondent*.[1]

*F. K. P. Baske,* for appellant.

*G. W. Louttit,* for respondent.

STEINERT, J.—This is an action seeking (1) an accounting of the value of the use of certain lands and improvements, and the products thereof during the period of redemption following the sale of the lands in a mortgage foreclosure action theretofore brought by defendant; (2) compensation for the use of the property and destruction of the products grown thereon; and (3) permission to redeem the land from the foreclosure sale. The case was tried before the court without a jury, and resulted in a judgment denying plaintiff

[1]Reported in 23 P. (2d) 895.

the relief sought. Plaintiff has appealed from the judgment.

This action and two others bearing the same title grow out of a controversy between the parties herein relative to certain real estate, the improvements thereon, and the use and disposition of certain shrubbery and nursery stock grown upon the land. In the first case, the question of title to the land was waged and determined. *Globe Construction Co. v. Yost, ante* p. 522. In the second case was involved the question of damages during the period preceding the sale of the premises under the mortgage foreclosure above referred to. *Globe Construction Co. v. Yost, ante* p. 528. This action seeks recovery and relief for transactions occurring during, and subsequent to, the period of redemption. All of these cases are closely interwoven in point of fact, and the same principles of law apply largely to each.

It appears that, in December, 1930, the respondent began an action to foreclose a mortgage covering the real estate here involved. At or about the same time, upon respondent's application, a receiver was appointed to take charge of the premises, particularly of the greenhouse and nursery located thereon. The appellant was not made a party to that action for the reason that respondent did not then know that appellant claimed any interest in the property. The judgment and decree provided that the receiver should continue to act until the period of redemption had expired, with power in the meantime to sell the shrubbery then upon the land. The judgment and decree further provided that the proceeds from the sale of the shrubbery, after the payment of certain expenses, should be equally divided between the respondent and Sue Neill Powers, one of the defendants in that action.

Thereafter, on April 29, 1931, appellant, claiming to

have purchased from Mrs. Powers all her interest in the stock of nursery shrubs and plants, moved the court that it be substituted as defendant in her place. An order of substitution was entered May 2, 1931. Appellant then moved to have the order appointing the receiver vacated and the receiver discharged, supporting its motion with an affidavit that it had purchased Mrs. Powers' interest in the nursery stock. Upon a hearing, that motion was denied.

On May 2, 1932, the receiver filed his final report and petitioned for his discharge. Notice of hearing thereon, together with a copy of the report, was served on appellant. On May 16, 1932, the court, after a hearing, entered its order approving the report and discharging the receiver. In the order was a provision directing the receiver to pay to the respondent the balance of moneys on hand after the payment of certain fees and expenses. Although the appellant had voluntarily become a substituted party in the action and had been served with a copy of the receiver's report and notice of hearing thereon, it nevertheless took no appeal from the order confirming the receiver's report and discharging the receiver, nor from any order or judgment in that action.

In the meantime, that is, on April 4, 1931, appellant had begun an independent action in the superior court, wherein it sought to be put into immediate possession of the premises, and for damages for being wrongfully dispossessed, its claim relating to periods both prior and subsequent to the commencement of its action. From an adverse judgment in the latter action, an appeal was taken to this court, resulting in an affirmance. *Globe Construction Co. v. Yost,* 169 Wash. 319, 13 P. (2d) 433. Between April 12, 1932, and April 29, 1932, and before the decision in the case on appeal had been

rendered, appellant began this action and its two companion actions mentioned above.

It is quite apparent to us that the matters presented in this case either were, or should have been, presented to the court in the case wherein appellant became substituted as defendant and wherein the receivership proceedings were had. No appeal was taken therein, and the judgment became *res judicata*. We are also satisfied that the matters here presented were concluded by the judgment in the case that was later affirmed, on appeal, by this court. It seems to us not only that appellant has had full and complete opportunity in the several previous actions to litigate every claim or right that it may have had to any or all the property involved in the present controversy, but also that such claims and rights have been completely and finally adjudicated.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.