[No. 24463. Department Two. July 17, 1933.]

GLOBE CONSTRUCTION COMPANY, *Appellant*, v. AMANDA C. YOST, *Respondent*.[1]

*F. K. P. Baske*, for appellant.
*G. W. Louttit*, for respondent.

STEINERT, J.—This is an action to recover treble damages for wrongfully withholding from plaintiff the possession of certain lands during the period of a mortgage foreclosure action brought by the defendant, up to the time of sale of the land under a decree of fore-

[1]Reported in 23 P. (2d) 895.

closure therein obtained. Trial before the court without a jury resulted in findings, conclusions and judgment adverse to plaintiff, wherefore it appeals.

This is one of three cases bearing the same title and growing out of a protracted controversy between these parties relative to the title and rights to certain real estate, the improvements thereon and the products growing on the premises. The three cases were consolidated for the purpose of trial, but three separate appeals have been taken. The facts relative to the entire controversy will be found in *Globe Construction Co. v. Yost, ante* p. 522, wherein but one phase of the litigation was determined, namely, the title to the land. In this case is involved only the question of alleged damages during a particular period of time.

Prior to the commencement of this action, and on April 14, 1931, the appellant had begun an action in the superior court for Snohomish county, seeking recovery of possession of these same lands and damages for withholding possession thereof from it. On November 9, 1931, after a trial upon the issues framed, the court entered a judgment denying appellant the relief sought and dismissing its complaint. An appeal was taken by the appellant, resulting in the affirmance of the judgment. *Globe Construction Co. v. Yost,* 169 Wash. 319, 13 P. (2d) 433.

The matter in controversy here was included within the matter in controversy there. It either was, or else could have been, adjudicated in the former action. That judgment, therefore, became *res judicata* of the issues and matters here presented.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.