**WATTS et al. v. LIBERTY ROYALTIES CORPORATION et al.**

No. 1773.

Circuit Court of Appeals, Tenth Circuit.

Aug. 30, 1939.

Austin M. Cowan, of Wichita, Kan., and Eugene O. Monnet, of Tulsa, Okl. (Royce H. Savage, Max Cohen, and Jack Paden, all of Tulsa, Okl., on the brief), for appellants.

A. Francis Porta, of El Reno, Okl., and O. L. Lupardus, of Tulsa, Okl. (Robt. W. Raynolds, of Tulsa, Okl., and Stanley E. Toland, of Iola, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Liberty Royalties Corporation, herein referred to as the Corporation, is a Delaware Corporation, having its principal office in Tulsa, Oklahoma. M. H. Watts was appointed receiver of the Corporation on the 7th day of July, 1931, by the District Court of Tulsa County, Oklahoma. After the appointment of said state receiver and on April 1, 1932, the corporation's charter and franchise were canceled and forfeited by proclamation of the Governor of Delaware, for its failure to pay its annual li-

cense·fees for the two years prior thereto.

On May 5, 1938, the corporation, by John Fernow, its last president, filed its voluntary petition for a corporate reorganization under Section 77B of the National Bankruptcy Act, 11 U.S.C.A. § 207, in the District Court of the United States for the Northern District of Oklahoma. The petition was filed without having been first authorized by the Board of Directors, but on the 6th day of June, 1938, the Board of Directors, at an adjourned meeting, ratified this action.

On May 11, 1938, the District Judge approved the Corporation's petition for reorganization as properly filed. On May 19 the Corporation filed an application for the appointment of permanent trustees and on said date an order was filed fixing June 6 as the date for the hearing of the petition and requiring that notice thereof be given. This hearing was continued from time to time until August 9, 1938.

On June 2, Julia Boswell, a stockholder, intervened, objecting to said petition and asking the dismissal thereof. On June 9 the motion of the state receiver for dismissal of the petition for reorganization was denied. On June 19, 1938, a petition was filed by stockholders representing in the aggregate more than five per cent of the total issued and outstanding preferred stock of said corporation, objecting to the petition for reorganization and praying for its dismissal.

On the 9th day of August an order was entered approving the petition for corporate reorganization and providing for the appointment of permanent trustees with power to act. In the order of August 9 the trial court set out in detail the various appearances and pleadings which had been filed and the continuances which had been taken. The court found that the matter should be determined upon its merits, and after hearing the evidence of all the parties and the argument of counsel, found that trustees should be appointed, and did appoint such trustees. From this order an appeal was taken by the various parties, including the state receiver and the five per cent of preferred stockholders, to this court on the 6th day of September, 1938.

On the 10th day of February, 1939, the secretary of the state of Delaware, having received from John Fernow, the last acting president, and F. W. Kessler, the last acting secretary of the corporation, a certificate for the restoration and revival of the charter, accompanied by the delinquent fees, issued a certificate renewing and restoring said corporation to all its charter rights under the laws of Delaware.

A motion for dismissal has been filed by the Corporation on the ground that the appeal was not taken within time. The appeal was taken under Section 25a of the Bankruptcy Act, 11 U.S.C.A. § 48(a), which requires that it be taken within thirty days. It is argued that the questions relating to the sufficiency of the petition and the jurisdiction of the court were determined in the orders of May 11 and June 9; that the portions of the order of August 9th relating to such matters were mere reiteration; and that more than thirty days having elapsed between said orders of May 11 and June 9 and the taking of the appeal, the same should be dismissed.

Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, authorizes stockholders holding five per cent in number of all shares of any class of outstanding stock of the debtor to object to a petition for reorganization prior to the hearing held for the purpose of appointment of trustees of the trust estate, and provides that upon such objections filed the petition shall be dismissed unless the material allegations of the petition or answer are sustained by the proofs. This is the only authorization contained in the statute for objections to the petition.

It is not necessary to decide whether individual stockholders or holders of less than five per cent of the outstanding stock of any issue have any standing in court or whether the state receiver has any standing in court to object.

The order of June 9 dealt only with the objections filed by the state receiver. The stockholders who, by the terms of the statute, had the right to file an objection, had not filed their petition, nor had the date for the filing thereof expired.

The ruling of the court on the objections of a single stockholder or of a state receiver could not be binding upon those expressly authorized by the statute to object, nor could it preclude them of their rights to be heard and to appeal from the decision on their petition when they had not filed their objections at the time the former ruling was made. The petition of the five per cent intervening preferred

stockholders, objecting to the attempted reorganization and to the appointment of permanent trustees, was denied on the 9th day of August, 1938, and they appealed on the 6th day of September, 1938. This appeal was within the thirty day period provided by statute and is in time. The motion to dismiss cannot be sustained.

Two further questions remain for consideration. First, did the Liberty Royalties Corporation on May 5, 1938 have power to institute a voluntary proceeding for its reorganization under the provisions of Section 77B; and, second, if it did, does the petition filed by the debtor and the evidence in support thereof satisfy the statutory requirement that the debtor be unable to meet its debts as they mature, and was there necessity for reorganization?

■ Appellant contends that the corporation is prohibited from maintaining a voluntary action for reorganization by the fact that more than three years prior to the filing of its petition, its charter had been forfeited for the non-payment of fees to the state of Delaware. It is claimed that the failure to pay these fees automatically forfeited and canceled its charter and its corporate franchises and that the only power the corporation possessed thereafter was to wind up its affairs within the three year period provided for by the laws of Delaware.

In support of its contention that such a corporation ceases to exist, Appellant cites and relies upon Chicago Title & Trust Co. v. 4136 Wilcox Bldg., a Corporation, 302 U.S. 120, 58 S.Ct. 125, 129, 82 L.Ed. 147. This was an Illinois case in which the corporation had lost its charter by failing to pay its license fees. The corporation had been dissolved by a decree of court. An attempt was made to reorganize the corporation under Section 77B and the Supreme Court said that this could not be done.

The Supreme Court decided in that case that under the Illinois law, when a charter of a corporation was forfeited for the non-payment of fees, such corporation ceased to exist; that it was dead; that it could not be revived; that the only thing that remained to be done was to dispose of and bury the corpse. The court held that the only power under the Illinois law remaining to such corporation was to close up its affairs. That this is so is evidenced by the following language of the court: "The

only power left to the corporation when this proceeding was brought was to finish pending cases begun within two years after its dissolution. With that exception, its corporate powers were ended for all time and for all purposes." The court further says: "Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person."

Is that the status of a corporation whose charter has been suspended for the non-payment of its fees under the Delaware law? True, Section 71 of the Delaware Corporation Laws of 1935 (Rev.Code 1935, § 105) provides that if a corporation for two years shall neglect or refuse to pay the state franchise taxes, the charter of such a corporation shall be void and all powers conferred by law upon such corporation are declared inoperative. It may be significant that this section uses the word "inoperative" rather than some word more forceful, to show that the corporation's existence was actually at an end.

Section 42 (section 2074) provides for the continuation of a corporation after its dissolution for the purpose of suit, and provides that for three years it may maintain suits or be sued in all matters pertaining to the winding up of its affairs.

Section 74 of Chapter 6 (section 108) prohibits a corporation which has been so proclaimed by the Governor, from exercising any powers under the certificate of corporation, and makes the exercise of such powers a misdemeanor.

Section 74 of Chapter 65 (section 2106) sets out the manner in which a corporation whose charter has been forfeited for failure to pay charter fees, may procure an extension, restoration, renewal or revival of its charter. This section provides that when a charter that has been forfeited for the non-payment of fees shall be reinstated, such reinstatement shall validate all contracts, acts, matters and things made and done and performed within the scope of the charter by such corporation, it officers or agent, during the time when such charter was inoperative or void.

These sections of the Delaware code, when read together, are entirely inconsistent with the theory that a corporation whose charter has been suspended or forfeited for the failure to pay fees is dead and that it has ceased to exist. The Supreme Court in the Illinois case says that such a corporation, under the Illinois law,

944

is ended for all time and for all purposes. That is not so under the laws of Delaware. If it were, life could not be breathed into the corpse, it could not be revived nor reinstated, nor could all things done by the corporation during its period of suspension be validated by its reinstatement.

Provisions similar to those in the Delaware law are found in the laws of many of the states and have frequently been interpreted by the courts. It has generally been held that where charter laws provide for a cancellation and forfeiture of a corporate charter and corporate powers for failure to pay fees and also provide for a reinstatement of the powers of the corporation and for restoration of its charter upon the payment of its fees, the penalty provisions providing for the forfeiture of its charter rights are largely for the purpose of collecting the charter fees and do not end the life of the corporation. Hibernia Securities Co. v. Morey, 23 Cal. App.2d 482, 73 P.2d 939; Deschutes Co. v. Lara, 127 Or. 57, 270 P. 913; Held v. Crosthwaite, 2 Cir., 260 F. 613; Finch v. Finch, 68 Cal.App. 72, 228 P. 553, 554; Globe Const. Co. v. Yost, 173 Wash. 522, 23 P.2d 892; Bokel v. Zitnik, 93 Colo. 565, 27 P.2d 753.

So long as a corporation may be reinstated by the payment of delinquent fees and have validated all of its acts that were done while its powers were suspended, the corporation is not dead. Its powers are only in suspension and reinstatement of its charter restores it to all of its powers and validates all of its acts, including the acts done while its charter was suspended. The corporation had power to institute this proceeding for its reorganization under Section 77B.

Did the petition state facts which would bring this corporation within the provisions of Section 77B of the National Bankruptcy Act, and did the evidence submitted in support thereof satisfy the statutory requirement that the debtor be unable to meet its debts as they mature and that there is necessity for reorganization?

Appellants state that there is no need for reorganization. It is argued that a corporation is unable to meet its debts as they mature, not when it is without ready cash to pay the same, but when it does not have assets which are readily convertible into cash of a sufficient amount to pay them. It is further maintained that the corporation is not insolvent and that its financial condition is such that it needs no reorganization.

The trial court, after an exhaustive investigation of the affairs of the corporation, found contrary to the contention of Appellants. It is not necessary to enter into an exhaustive review of the testimony which supports the judgment of the trial court. Let it suffice that in 1931 the financial affairs of this corporation were such that it was found necessary to place it in receivership, and a state receiver was appointed to manage its affairs. This receivership has continued for eight years. It might also be well to note that the forfeiture of the corporate charter took place after the receiver was appointed, because he failed to pay the charter fees.

The evidence shows that at the time the receiver was appointed the company owed approximately $46,500; that in 1938, seven years later, the company owed approximately $65,700. In 1931 the company was operated at a loss of $6,813.96; in 1932 it was operated at a loss of $75,166.86; in 1933 at a loss of $7,109.31; in 1935 the loss was $1,667.96; and in 1935 it was $64,742.26; in 1936, $296.56; and in 1937 the loss was $978.12. The company has been operated at a net loss and has been maintained in an expensive state of receivership for more than seven years. The debts have increased from $46,500 to $65,700.

The evidence amply sustains the findings and judgment of the trial court.

The judgment of the court is affirmed.