JAMES E. STEWART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stewart v. Commissioner
Docket No. 28499-89
United States Tax Court
T.C. Memo 1992-211; 1992 Tax Ct. Memo LEXIS 232; 63 T.C.M. (CCH) 2707; April 8, 1992, Filed *232 Decision will be entered for respondent as to the deficiency in tax and for petitioner as to the addition to tax. James E. Stewart, pro se. Bruce K. Meneely, for respondent COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443(A)(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 3,656 in petitioner's 1985 Federal income tax and an addition to tax of $ 17.56 under section 6651(a)(1). After concessions by the parties, [2] the sole issue for decision is whether petitioner is entitled to deduct as employee business expenses $ 8,923.79 paid by him on behalf of his wholly owned corporation. *233 Some of the facts have been stipulated and are so found. Petitioner resided at Edmond, Oklahoma, at the time the petition was filed. Petitioner was the sole shareholder in Twashakarris, Inc. (the corporation), which was incorporated under the laws of Oklahoma on July 12, 1982. [3]The corporation was suspended by the Secretary of the State of Oklahoma on February 13, 1984, for failure to comply with the requirements of the Oklahoma Tax Act and was reinstated on April 17, 1984. The corporation was suspended again on February 19, 1985, and was reinstated on January 23, 1990. The corporation filed Federal corporate income tax returns for the taxable periods ended August 15, 1985, and August 15, 1986. Petitioner was also president, a director, and an employee of the corporation, as well as its sole shareholder. In 1982, the corporation authorized compensation to petitioner for any expenses he incurred as a director or consultant. *234 The corporation operated a school at Edmond, Oklahoma, under the trade name English Language Center (the school), which engaged in teaching English as a second language to foreign students who planned to matriculate into American colleges and universities. Petitioner has bachelors' degrees in speech, English, and social studies, and a master's degree and Ph.D. in English. Petitioner, on occasion, taught at the school, but teaching duties were ordinarily performed by other instructors hired by the corporation. During 1985, petitioner paid expenses in the amount of $ 8,923.79 on behalf of the corporation, including rental of facilities for the school's operation, supplies and equipment, commissions to recruiters for the school, and travel and entertainment expenses incurred to meet with college and university officials in an effort to increase the school's enrollment. Petitioner personally paid these expenses because the corporation was unable to pay them. Due to the poor financial condition of the corporation, petitioner received no salary and was not reimbursed by the corporation for the expenses he paid. The expenses thus paid were claimed by petitioner on his individual 1985 *235 Federal income tax return as employee business expenses on Form 2106. Substantiation of the amounts paid by petitioner is not at issue. Respondent disallowed the claimed deductions. Section 162 allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. As a general rule, section 162 only allows the deduction of the taxpayer's own business expenses and does not allow the deduction of expenses paid or incurred for the benefit of another person or entity. Welch v. Helvering, 290 U.S. 111, 114 (1933). Ordinarily, a shareholder may not deduct a payment made on behalf of a corporation but rather must treat it as a capital expenditure. Deputy v. DuPont, 308 U.S. 488 (1940). Accordingly, business expenses paid for the account of an employer by an employee are not converted into trade or business expenses of the employee simply because of a failure of the employee to seek reimbursement from the employer. Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner, 24 T.C. 21 (1955). *236 The deduction properly belongs to the employer and not to the taxpayer-employee. Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972). Petitioner does not dispute this statement of the law. Petitioner contends he is entitled to deduct the 1985 expenses paid on behalf of his corporation for the reason that, during 1985, the corporation's charter was under suspension with the State of Oklahoma. Because of that suspension, petitioner contends that he was personally liable under Oklahoma law for all debts of the corporation. Petitioner further argues that, pursuant to Knoxville Truck Sales & Service, Inc. v. Commissioner, 10 T.C. 616 (1948), as a result of the suspension, the corporation was no longer a corporate entity, and, since petitioner was the sole shareholder of the corporation, the business activities of the corporation were attributable to him as sole proprietor. Thus, petitioner argues he could claim the corporate expenses paid by him as a deduction on his individual income tax return. In Knoxville Truck Sales & Service, Inc. v. Commissioner, supra, *237 the corporation's charter had been revoked by the State of Tennessee. Under Tennessee State law, the result of the revocation of the corporation's charter was that the corporation no longer existed as a legal entity. Even though the corporation was no longer a legal entity, respondent contended that the activities of the defunct corporation were those of an association taxable as a corporation under section 7701 and section 301.7701, Proced. & Admin. Regs. This Court held that the defunct corporation could not be taxed as an association under section 7701 for the reason that, after the revocation of the charter, the business was operated as a sole proprietorship, and a proprietorship cannot be treated as an association for tax purposes because it lacks "associates". Accordingly, the activities in that case were held taxable to the shareholder. The Knoxville Truck Sales & Service, Inc. case is distinguishable from the facts of this case. The charter of petitioner's corporation was never revoked. The suspension of the corporate charter did not terminate the corporation as a legal entity. In Watts v. Liberty Royalties Corp., 106 F.2d 941 (10th Cir. 1939), *238 the circuit to which this case is appealable, the Court of Appeals considered the legal effect of the suspension or forfeiture of a corporation's charter under Delaware law. The Tenth Circuit concluded: Provisions similar to those in the Delaware law are found in the laws of many of the states and have frequently been interpreted by the courts. It has generally been held that where charter laws provide for a cancellation and forfeiture of a corporate charter and corporate powers for a failure to pay fees and also provide for a reinstatement of the powers of the corporation and for restoration of its charter upon the payment of its fees, the penalty provisions providing for forfeiture of its charter rights are largely for the purpose of collecting the charter fees and do not end the life of the corporation. [Citations omitted.] So long as a corporation may be reinstated by the payment of delinquent fees and have validated all of its acts that were done while its powers were suspended, the corporation is not dead. Its powers are only in suspension and reinstatement of its charter restores it to all of its powers and validates all of its acts, including the acts done while its *239 charter was suspended.
Watts v. Liberty Royalties Corp., supra at 944. Many of the features of the Delaware law cited by the Court of Appeals in the Watts case are also found in the Oklahoma statutes. Like Delaware, Oklahoma provides for suspension of a corporate charter for failure to pay corporate franchise taxes and reinstatement upon payment of the accrued fees and penalties and a small reinstatement fee. Okla. Stat. tit. 68, sec. 1212(a) and (f) (1990). The Oklahoma law also specifies that, upon reinstatement of a suspended charter: the corporation shall be renewed and revived with the same force and effect as if its certificate of incorporation had not become forfeited, or had not expired by limitation. Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation by the corporation, its officers and agents during the time when its certificate of incorporation was forfeited or after its expiration by limitation, with the same force and effect to all intents and purposes as if the certificate of incorporation had at all times remained in full force *240 and effect.
Okla. Stat. tit. 18, sec. 1120E (1990). In State ex rel Department of Highways v. Martin, 572 P.2d 611 (Okla. App. 1977), the Oklahoma Court of Appeals considered the effect of a suspension of a corporation's right to do business in Oklahoma on the validity of a contract entered into prior to the suspension. The Court of Appeals held that, while during the period of suspension, the corporation could not sue or be sued in Oklahoma courts, "The statute suspends the present right to do business but does not abrogate past and subsisting contractual relations." State ex rel Department of Highways v. Martin, supra at 614. The Court further found in response to the argument that the suspension rendered the corporation incapable of performing the contract, "While the incapacity, if any, was temporary, it is sufficient answer that the modest conditions for reinstatement under 68 O.S. 1971, section 1212(f) make it clear that the Grantee was not incapacitated such that the contract was impossible of performance." Id. (Fn. omitted.) In this case, the charter of petitioner's corporation was reinstated in 1990. *241 As this reinstatement demonstrates, the corporation never ceased existence as a legal entity. As a result, the activities of the corporation during the period the charter was under suspension remained attributable to the corporation as a legal entity. The business expenses of the corporation, which were paid by petitioner, continued or remained as business expenses of the corporation. The fact that petitioner may have been personally liable for these expenses under Oklahoma law while the corporate charter was under suspension does not render such expenses deductible by petitioner under Federal tax law. The general rule is that, while State law generally will be applied in determining the rights or interests of taxpayers, Federal law governs in determining the manner in which such rights or interests will be taxed. Burnet v. Harmel, 287 U.S. 103 (1932). Under section 162, a taxpayer may not ordinarily deduct the business expenses of another person or entity. Stolk v. Commissioner, supra; Podems v. Commissioner, supra; Kennelly v. Commissioner, supra.
At trial and on brief, petitioner *242 argued he was entitled to a deduction under section 172 for a net operating loss which resulted from what he described as an unlawful expropriation of his business by the Immigration and Naturalization Service (INS), an agency of the United States, during 1982. Although this issue was not alleged in the petition, petitioner testified that the INS caused the temporary closure of the school during 1982 over alleged fire code violations. Although the school reopened, petitioner contends the INS sent notices to various foreign embassies that the school was no longer in business. Since the school depended on referrals of students from these foreign countries, petitioner's corporation sustained losses allegedly as a result of the actions of the INS. Leaving aside the question as to whether this issue is properly before the Court, petitioner's contention is clearly without merit. If the actions of the INS were wrongful and losses were sustained, such losses belong to the corporation and not petitioner. Respondent's determination with respect to disallowance of the employee business expense deduction is sustained. Due to respondent's concession of the addition to tax, Decision will *243 be entered for respondent as to the deficiency in tax and for petitioner as to the addition to tax.
Footnotes
1. All section references are to the Internal Revenue Code for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner conceded adjustments to interest income, home office expenses, an exemption, and filing status. Respondent conceded the addition to tax.↩
3. The unusual name of the corporation was explained by petitioner as a "portmanteau word" or a blend of the names of Twain, Shakespeare, and George Washington Harris.↩