[No. 5134.]
[No. 2724 C. A.]

## BOTHWELL v. THE DENVER UNION STOCKYARDS COMPANY.

1.  **Pleading—Demurrer—Ground of Uncertainty.**
    Objections to a pleading for uncertainty can be raised by demurrer.—P. 225.
2.  **Real Property—Reversion—Action to Recover—Complaint— Sufficiency.**
    In an action to recover lands formerly designated as portions of streets, title being based upon an alleged reversion to original grantor and by deed to plaintiff, the complaint must allege how and when the property reverted to the original grantor.—P. 226.
3.  **Pleading — Complaint — Demurrer — Insufficiency of Facts— When Interposed.**
    A demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action, may be

interposed at any time in the hearing of a case and in any court.
—P. 226.

4. Real Property—Action to Recover—Plaintiff's Right Based on His Own Title.

In an action to recover real property, plaintiff can only recover, if at all, upon the strength of his own title.—P. 226.

5. Cities and Towns—Dedication of Streets—Presumptions—Statutory Construction.

Where, in an action to recover lands formerly included in certain streets alleged to have reverted to the original grantor, it appears from the complaint that the map or plat of the town was duly recorded in the office of the recorder of the county and that the plats of the streets in controversy were also duly recorded, it will be presumed as against the pleader that all the plats mentioned were made, certified, acknowledged and recorded as required by law; and from a further allegation that this town was later included in another town duly incorporated, it will be presumed that the limits of the latter town were extended in the manner recognized by law, and that the title to said streets dedicated by the plats became vested therein by statutory dedication, which divests the original grantor of title without acceptance by the town, in accordance with Mills' Ann. Stats., § 4369, providing that all streets, etc., designated or described as for public use on a map or plat of any city, shall be deemed to be public property, and the fee thereto be vested in said city or town.—P. 226.

6. Same—Abandonment—Reversion.

In accordance with Mills' Ann. Stats., § 4370, the title to streets abandoned reverts to the respective abutting lot owners, and not to the original grantor.—P. 228.

7. Real Property—Reversion—Determination of Estate.

There can be no reversion in law except upon the determination of the particular estate.—P. 228.

8. Cities and Towns—Abandonment of Streets—Action to Recover—Complaint—Judgment in Conformity with Pleadings.

Where, in an action to recover portions of abandoned streets, the complaint described the lands included within the boundaries of said streets and claimed title through an alleged reversion to the original grantor, the plaintiff cannot recover as the owner of abutting lots.—P. 229.

9. Same—Construing Pleadings.

In an action to recover lands formerly included in abandoned streets, an allegation in the complaint that on a certain date plaintiff's grantor was the owner of a tract of land and

platted the streets, having their boundaries in said land, falls far short of alleging the owners of the lots abutting these streets twenty years later and at the date of the alleged abandonment. —P. 230.

*Appeal from the District Court of Arapahoe County.*
*Hon. Samuel L. Carpenter, Judge.*

Action by Mr. Albert J. Bothwell against The Denver Union Stockyards Company. From a judgment for defendant, plaintiff appeals.   *Affirmed.*

Mr. CHAS. M. BICE, for appellant.

Messrs. RICHARDSON & HAWKINS, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

This action was for the recovery of certain property and the value of the rents, issues and profits thereof.

The complaint alleges, in substance:

That the plaintiff is the owner in fee simple, and is entitled to the immediate possession, of a certain strip of land, 30 ft. wide by 240 ft. (more or less) long, designated on the map or plat of West Elyria as Cline street, recorded in the office of the county recorder of Arapahoe county; also a certain strip of land, 30 ft. wide by 281 ft. (more or less) long, designated on said map or plat of West Elyria as highway or street, but not named, and since named Frank street.

That on or about the 1st day of July, 1881, a corporation called The Denver Land & Improvement Company, being then the owner of a certain twenty acres described, platted the aforesaid Cline and Frank streets by causing a plat thereof to be filed in the office of the county recorder of Arapahoe county, and that the same was duly recorded. That the portions of Cline and Frank streets in controversy here-

in were never accepted or used by the town of Elyria, that such portions were of no practical value or use to the said town and were never accepted, improved or used in any way, and the same by reason of the premises reverted to the original grantor thereof, to wit: the said Denver Land & Improvement Company.

That on the 22nd day of October, 1901, the plaintiff herein purchased of the directors of the said Improvement Company, which had been dissolved at that time by limitation of its charter (and said directors being and constituting all of the last board of directors of said company), the portions of said streets hereinbefore described and received a deed of conveyance thereto duly executed and acknowledged, and which was duly recorded. That the defendant without any authority, right or title, in the year 1893, wrongfully, and without any color of title whatever, took possession of said parts of streets, and ever since has held and is now holding possession thereof, wrongfully excluding defendant and in defiance of his rights thereto.

That the town of Elyria was duly incorporated in the year 1890, under the general laws of this state, and since which time has extended the town limits so as to include West Elyria and said streets.

That on or about the 24th day of May, 1902, said town of Elyria made, executed and delivered to the defendant herein a quit-claim deed conveying to the defendant, on its face, the portions of said Cline and Frank streets herein claimed by the plaintiff, thereby abandoning said portions of said streets, if it ever had any rights to same, which rights plaintiff denies for the reasons aforesaid.

Further allegations are as to the rents, issues and profits, and there is the prayer for a judgment for the recovery of possession and for damages.

The defendant filed a demurrer to the complaint, alleging:

(1) That the plaintiff has no legal capacity to sue.

(2) That several causes of action have been improperly joined in the complaint without being separately stated, to wit: The cause of action for the first piece of property described in the complaint and the cause of action for the second piece of property designated in the complaint.

(3) That the complaint does not state facts sufficient to constitute a cause of action.

(4) That the complaint is ambiguous, unintelligible and uncertain, in that the property attempted to be described in the complaint is not described with sufficient definiteness or certainty, and in that it does not allege when the property described in the complaint reverted to the original grantor thereof.

The abstract recites that the demurrer was sustained to the second and fourth specifications only. The plaintiff elected to stand by his complaint and judgment was entered against him and for costs, from which judgment this appeal was taken.

The appellee contends that the court did not overrule in terms the third ground of demurrer, to wit: That the complaint does not state facts sufficient to constitute a cause of action, and urges this ground of demurrer in this court.

The appellant contends in his brief and arguments that the fourth ground of demurrer as set forth cannot be relied upon in this case, because the demurrer must go to the complaint and not to a single paragraph in it.

Objections for uncertainty can be raised by demurrer.—*Manning v. Haas*, 5 Colo. 38.

The second clause of the fourth ground of demurrer attacks the complaint and the alleged title of

appellant, and goes to the substance and not to the form of the complaint. It was necessary for the appellant to allege how and when the title to the portions of said streets claimed by him reverted to the original grantor, because he bases his title upon such reversion and a deed from its directors. Further than this, it is proper to interpose the third ground of demurrer at any time in the hearing of a case and in any court.—*Marriott v. Clise,* 12 Colo. 561, 563; *Toothaker v. Boulder,* 13 Colo. 219, 223.

The rules of law stated in this decision have application solely to the construction of the complaint before us.

Appellant, who was plaintiff below, could only recover in this case, if at all, upon the strength of his own title.—*Strepey v. Stark,* 7 Colo. 614, 621; *Chivington v. Colo., etc., Co.,* 9 Colo. 597, 603.

There is a general allegation by appellant that he is the owner in fee and entitled to immediate possession of the property described. This is not only qualified, but, as we think, contradicted by his allegations as to the nature and extent of his right and estate in the property. The first allegation in connection with the description, is that the property is designated upon a map or plat of West Elyria duly recorded in the office of the county recorder of Arapahoe county; he next alleges that The Denver Land & Improvement Company platted Cline and Frank streets, and the portions thereof claimed in this complaint, and caused a plat to be filed in the office of the recorder of Arapahoe county, which was duly recorded. The complaint does not advise us whether West Elyria was a town, but we must presume from the allegations that Cline and Frank streets were dedicated by these plats to the public use. We are bound to presume that all the plats mentioned were

duly made, certified, acknowledged and recorded as required by law.

The fourth paragraph of the complaint must be read in connection with the seventh, which alleges that the town of Elyria was duly incorporated in the year 1890, under the general laws of this state, and since said incorporation extended the town limits so as to include said West Elyria and said streets. It must be presumed the limits of said town were extended in the manner known to and recognized by the law, and in accordance with the law, and that the title to the streets dedicated by the plats became vested in the said town, and this by a statutory dedication which divests the original grantor of title without acceptance by the town. In the early case of *Denver v. Clements*, 3 Colo. 472, 480, it was held that a statutory dedication operates by way of grant and that the law surrounds the act of dedication with all the formalities and solemnities necessary to the creation of a grant. Section 4369, Mills' Ann. Stats., provides that all streets, etc., designated or described as for public use on a map or plat of any city or town, or of any addition made to said city or town, shall be deemed to be public property and the fee thereto be vested in said city or town. Section 4370, Mills' Ann. Stats., provides that "whenever any street or alley designated on the plat of any city or town, or any lands laid out as the site of a city, town or village, and whether the same be within the limits of any municipal corporation or not, shall be vacated, the fee of the lands included within such street or alley, or so much thereof as may be vacated, and all right, title and interest of the state, or the inhabitants thereof, or such municipal corporation, shall be deemed and taken to vest in the proprietors of the abutting lots and parts of lots, each abutting owner taking to the center of the street or alley."

If any portions of Cline and Frank streets were abandoned by the town of Elyria as alleged, the title thereof passed, not to the original grantor, but to the abutting lot owners. This doctrine is hardly open for discussion in this jurisdiction. It was settled in the case of *Olin v. R. R. Co.*, 25 Colo. 177, a case similar to the one before us, the difference being that the dedication in the *Olin case* was under the laws of 1868, while the case at bar was governed by the laws of 1877, which have been held to repeal the laws of '68.—*Leadville v. Coronado Mining Co.*, 29 Colo. 17. By this dedication, the public, and subsequently the town of Elyria, became vested with all the ground designated upon the plat aforesaid as streets and alleys.

The plaintiff further states that, on or about the 24th day of March, 1902, the said town of Elyria executed and delivered to the appellee a deed conveying, on its face, that portion of Cline and Frank streets claimed by the defendant herein, thereby abandoning said portion of said streets, if it ever had any right to the same, which right plaintiff denies, but the complaint also states that the portions of Cline and Frank streets claimed by the appellant were never accepted, improved or used in any way, and the same by reason of the premises *reverted* to the original grantor. There can be no reversion in law except upon the determination of some estate in the town. By the complaint it is shown that this estate remained in the town until March, 1902, and until a date subsequent to that of the appellant's deed, under which he claims. If, as claimed by appellant, the deed from the town to the appellee was simply a declaration of the abandonment of that portion of the streets in controversy, then, as stated, the title would pass not to the original grantor, but to the abutting lot owners, in 1902.

In view of the rules above stated we think the appellant took nothing by his deed of October 22d, 1901. It is not apparent by the pleading that The Denver Land & Improvement Company had any property in the said streets, or any portion of them, which would pass by the deed to appellant. All its right, title and interest had passed by the plat, which dedicated these streets to public use. It was held in *Denver v. Clements, supra,* that dedication may be made *in praesenti* to be accepted by the public *in futuro* and that, while before acceptance of the dedication the city was under no obligation to repair the streets, the dedicator was nevertheless bound by his acts.

The appellant, in discussing the last clause of the fourth ground of demurrer, calls our attention to the case of *Trine v. Pueblo,* 21 Colo. 102. The case is not in point. The sole question in that case was whether a description in the trust deed under consideration manifested any intent to make an irrevocable dedication of a certain piece of land, in controversy, to the public as a street. It had under consideration a common-law dedication, which must be accompanied by an acceptance, either expressed or implied. The court held, amongst other things, in *the absence of a plat,* and in the absence of any acceptance by the city, the offer to dedicate under the common law was withdrawn when the owner deeded the land to a third party. No facts whatever are pleaded indicating that the dedication by the recorded plat mentioned in the case before us was, or could be, construed as a common-law dedication. Plaintiff cannot take title as the owner of abutting lots, since the property claimed is described as a fractional portion of two streets; and the rights of the plaintiff are, of course, restricted to this description and to the title by reversion and conveyance as plead-

ed. It is admitted by the complaint that the defendant is in possession and the appellant has failed to plead in himself any better title, and the pleading is insufficient to show any title. Our attention is directed by appellant to the fact that the complaint makes the land company the owner of the land adjacent to the streets. We cannot so construe the complaint. There is an allegation that in July, 1881, the land company was the owner of a certain tract of land and platted Cline and Frank streets, having their boundaries in said land. This falls far short of alleging the owners of the lots abutting these streets twenty years later, and at the date of the alleged abandonment.

In this view of the case, we deem it unnecessary to discuss the other grounds of the demurrer. We think the fourth ground was properly sustained, for the reason that there are not sufficient allegations in the complaint to show that the title to the property in question reverted to the original grantor, and we also conclude that the complaint does not state facts sufficient to constitute a cause of action, because there are no allegations showing the title in appellant, who was plaintiff below.

The judgment is affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.