## No. 11,297

### HORN v. HURWITZ, ET AL.

Decided November 30, 1925. Rehearing denied December 21, 1925.

Action in ejectment. Judgment of nonsuit.

### *Affirmed in Part.*

### *Reversed in Part.*

1. EJECTMENT—*Pleading—Demurrer.* In an action in ejectment, defendant by filing a demurrer on several grounds made "other answer and defense" as that term is used in section 296, Code '21, and there was no necessity for plaintiff to prove defendant in possession at the time of the commencement of the action.

2. *Pleading—Ownership—Possession.* In an action in ejectment alleged ownership of the property by defendant is a sufficient allegation of right of possession.

3. *Title—Proof.* In an action in ejectment, plaintiff must recover on the strength of his own title, and not upon the weakness of that of his adversary.

4. *Nonsuit.* In an action in ejectment against husband and wife, the wife claiming title in fee, plaintiff's evidence showing that he had acquired the interest of the husband in the property, but not that of the wife, it is held that judgment of nonsuit in favor of the wife was right.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. B. C. Hilliard, Mr. B. C. Hilliard, Jr., Mr. S. T. Horn, for plaintiff in error.

Messrs. Hindry, Friedman & Brewster, for defendants in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

Plaintiff brought this suit in ejectment against Joseph M. Hurwitz and E. M. Hurwitz, his wife, to recover possession of certain real estate. Trial to the court without a jury, and at the conclusion of plaintiff's evidence the court sustained defendants' motion for nonsuit and dismissed the action. Plaintiff brings error.

Plaintiff claims under a sheriff's deed, based upon an execution issued on a judgment against the defendant, Joseph Hurwitz in favor of one Howe, and levied upon the property in question. Plaintiff was the purchaser at the sale under the execution. After plaintiff obtained the sheriff's deed he served written notice upon Joseph Hurwitz at his place of business demanding possession of the premises.

In the separate answer of Joseph, he disclaimed any interest in the property and denied possession; alleged that he never claimed any interest in the property, and that E. M. Hurwitz was his wife and the only owner.

In the separate answer of E. M. Hurwitz, she admitted she was the wife of Joseph, and that she claimed the premises described in the complaint; alleged that she was the owner in fee simple, of the property, was in possession of the same, and the plaintiff had no right to the possession thereof.

The plaintiff's evidence consisted solely of the judgment against Joseph, the notes upon which the judgment was

obtained, the proceedings preliminary to the issuance of the sheriff's deed, the deed, the notice to vacate served upon Joseph, and plaintiff's own evidence relative to the rental value of the property. Was this evidence sufficient to entitle plaintiff to recover?

If the defendant in ejectment files or makes any other answer or defense than a disclaimer of title or right of possession, it shall not be necessary for the plaintiff to prove him in possession at the time of the commencement of the action or at any time. Code 1921, Sec. 296.

Plaintiff contends that the demurrer to the complaint filed by Joseph constitutes other answer and defense. We think he is right. By filing the demurrer on several grounds, he made other answer and defense. There was, therefore, no necessity for plaintiff to prove Joseph in possession at the time of the commencement of this action, and the judgment of nonsuit as to him was wrong.

But by what evidence did plaintiff show that he was entitled to possession as against E. M. Hurwitz? She denied the allegations of the complaint and alleged that she was the owner in fee and in possession of the property. From her allegation of ownership flowed the right of possession. *Baker v. Cordwell,* 6 Colo. 199, 202; *Hanna v. Barker,* 6 Colo. 303, 313.

The plaintiff must recover on the strength of his own title and not upon the weakness of that of his adversary, and the burden is upon him to establish the allegations of his complaint. He offered no evidence to sustain this burden as to her. To entitle plaintiff to recover against E. M. Hurwitz, he must show title good as against all the world. 9 R. C. L. p. 838, Sec. 12; *Watts v. Witt,* 39 S. C. 356, 17 S. E. 822, cited with approval in *Stratton v. Murray,* 25 Colo. App. 395, 401, 138 Pac. 1015. Plaintiff cannot claim title against her by estoppel.

The evidence shows that plaintiff acquired all the interest of Joseph Hurwitz in the property, but not that he had any interest, even a naked possession. It does not show that he acquired any title or interest whatsoever of defendant E. M. Hurwitz, in the property.

The plaintiff was not, therefore, entitled, under his proof, to possession of the premises as against defendant E. M. Hurwitz, and a judgment of nonsuit in her favor was right.

The judgment is affirmed as to E. M. Hurwitz and reversed as to Joseph Hurwitz, the plaintiff to recover his costs as against Joseph Hurwitz.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.