## No. 11,805.

### MacKay *v.* Silliman, et al.

Decided June 11, 1928.

Mr. John F. Mail, for plaintiff in error.

Mr. T. A. McHarg, Mr. John R. Wolff, Mr. Horace N. Hawkins, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as "Mac-Kay"; the original defendant, N. H. Silliman, as "Silliman," and his heirs, the present defendants in error, as "defendants."

MacKay brought this action against Silliman to quiet title to real estate. Answer and replication were filed and trial was had to the court. The cause was submitted on written briefs and on November 20, 1926; on a general finding for defendants, judgment was entered in their favor for costs. To reverse that judgment MacKay prosecutes this writ.

The complaint alleges that MacKay is the owner and in possession of a certain tract of real estate therein described situated in Boulder county, Colorado, and that Silliman claims an interest therein, but has none. The prayer asks that Silliman be required to set forth his claim, that it be held invalid, that Silliman be enjoined from thereafter asserting it, and that MacKay be adjudged the owner of the property and entitled to possession thereof.

Thereafter Silliman died and his heirs, the defendants in error, were substituted. They answered alleging: (a) A former suit between the same parties, involving the same issues, dismissed by MacKay with prejudice, and hence a bar to the present action; (b) that MacKay's only title is an alleged warranty deed from one Root, which deed is in fact a mortgage, and which mortgage has never been foreclosed but is now invalid; (c) that Silliman became the owner of the land under a valid tax sale and deed (which deed is set out), and thereafter took and retained possession until his death; (d) that MacKay has been out of possession since March 1, 1917, and his claim, if any, is barred by the five-year statute of limitations; (e) that Silliman has been in possession, under claim and color of title, made in good faith, and has paid all taxes, since March 1, 1917, and hence MacKay's claim, if any, is barred by the seven-year statute of limitations. The prayer of the answer was for dismissal and costs "and such general relief as to the court may seem meet and proper in the premises." MacKay by replication admitted his title was based upon a warranty deed, alleged that the Silliman tax deed was void on its face, and for five specified reasons, and otherwise denied the allegations of the answer and demurred to each defense for want of facts. On the trial the demurrers were overruled and it was stipulated that Silliman's tax deed was color of title and that he had held possession thereunder for seven successive years.

Under the several defenses important and interesting questions are raised and argued. Their examination and adjudication would probably require a careful review of many decisions of this court extending over a long period of years. However desirable that might be we are unanimously of the opinion that it is unnecessary and improper because MacKay, in his case in chief, not only failed to establish the truth of the allegations of his complaint, but did establish their falsity beyond a reasonable doubt.

This action is brought under section 275, c. XXII (Civil Code), p. 155, C. L. 1921, which reads: "An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate therein adverse to him, for the purpose of determining such adverse claim, estate or interest."

Unless otherwise provided the usual rules of pleading and procedure governing ordinary civil suits are applicable to those brought under this act. True, its primary purpose is to provide for the adjudication of an adverse title. It is not, however, entirely correct to say that on a trial thereunder defendant becomes the plaintiff. The assertion is denied by the method of trial followed in the instant case and the universal practice in such trials in this jurisdiction. It has never been held, nor have we heard that it has ever been contended, that anything contained in this act shifts the burden of proof in the first instance, or permits one out of possession and a stranger to the title, merely by making false allegations which he is never called upon to maintain, to go about challenging others to prove their rights. In a suit under this section a plaintiff is not relieved of compliance with section 3, c. 1 (Civil Code), p. 103, C. L. 1921, which provides that every action shall be prosecuted in the name of the real party in interest. True, if he alleges title and possession and no defense is pleaded he can not be put upon proof. But if his title and pos-

session are denied, and a good defense is pleaded, he must make a prima facie case before defendant is required to offer any evidence. Any other rule would violate all known procedure, put a premium upon perjury, encourage mere meddlers in the affairs of other men, and make a farce of the statute.

Whatever may be said of the other defenses in this answer, the fifth, when coupled with the admission of possession and color of title, was good. It required only proof in support of its allegations of good faith and payment of taxes. It therefore put MacKay upon proof of his title and possession.

MacKay offered documentary evidence deraigning title in Root from the United States, and a warranty deed from Root to himself. He then took the stand apparently for the purpose of testifying that the land was vacant and unoccupied, that his constructive possession by virtue of his warranty deed might be established. His testimony on direct examination threw little or no light on this subject. On cross-examination not only the vacancy of the premises, but the true character of his alleged warranty deed, and his knowledge thereof, were proper subjects of inquiry. Had that deed been a known forgery no constructive possession could be predicated thereon. He now admitted that said deed was first taken as a mortgage, that later the same debt (with others) had been secured by a different mortgage, that the latter had been foreclosed and the property bid in by him for the full amount, that he had never been in actual possession of the land, but had good reason to believe that Silliman had. He furthermore admitted that his deed was given to secure money advanced by him out of funds in his hands belonging to an estate of which he was administrator. Thus his own testimony not only conclusively established that he was not, and never had been, the owner of the tract, and was not, and never had been, in possession thereof, but that there was no grain of truth

in the complaint which he had verified "of his own knowledge."

Assuming that if this evidence went merely to the point that MacKay's deed was in fact a mortgage, defendants could take no advantage thereof without proof of title in themselves, the rule can have no application, where, as here, the mortgage was never owned by plaintiff, and is now "dead" and hence is not, and never was, evidence of any title in him, legal or equitable.

MacKay further contends that defendants' prayer was for affirmative relief, and, even if not, the answer as a whole is a cross-complaint, and must be judged by its substance and not by the prayer; hence the validity of defendants' title is the issue upon which they must stand or fall. But when MacKay, in his case in chief, conclusively established that he had no shred of title and was out of possession, his interest in the action ceased and he has no possible concern with defendants' claims.

The judgment is accordingly affirmed.

Mr. Justice Walker not participating.