No. 13,088.

BOKEL v. ZITNIK.
(27 P. [2d] 753)

Decided November 27, 1933.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. HENRY HOWARD, Mr. BARNARD CUMMINGS, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

AARON Bokel brought an ejectment suit to recover from Anton Zitnik the possession of certain lots in Victor. The defendant's demurrer to the amended complaint for insufficiency was sustained, the plaintiff stood upon his complaint and the action was dismissed.

The amended complaint alleged that the Thrift Mer-

566

cantile Company, a corporation, owned the property from February 14, 1918, to sometime in October, 1927, when the corporation was declared defunct under section 2317 of the Compiled Laws for its failure for six years to pay its annual license tax, which failure is alleged in the amended complaint; that on December 6, 1930, the surviving directors of the corporation, acting pursuant to section 2295 of the Compiled Laws, conveyed the property to the plaintiff; and that the defendant wrongfully withholds possession of the property from the plaintiff, who is entitled thereto.

Section 2317 of the Compiled Laws provides, that if any corporation shall fail for five years to pay the annual state corporation license tax, and other fees required by law, or to make any report the statutes require, the secretary of state shall publish a list of such corporations in one issue of a newspaper, and that upon the filing of proof of publication with the secretary of state, said corporations shall thereupon be deemed ''defunct and inoperative and no longer competent to transact business within the state of Colorado * * *.'' It provides, however, that upon paying all such delinquent taxes and all delinquent fees and an additional fee of $5 for a certificate of reinstatement, any such corporation ''shall thereupon become reinstated, revived and operative.'' Section 2295 of the Compiled Laws provides that upon dissolution of a corporation, by expiration of its charter or otherwise, the board of directors or trustees acting last before its dissolution shall become the trustees of the creditors and stockholders, and shall have full power to settle the affairs of the corporation and to sell and dispose of the property of the corporation, etc.

The only question before us for determination is whether or not there was a dissolution of the Thrift Company, so as to vest in the directors title to the property of the corporation. If there was, the deed to the plaintiff was valid and the judgment should be reversed;

if there was not, the deed to the plaintiff conveyed no title and the judgment should be affirmed.

It seems to us, and we hold, that section 2317, supra, was intended, not to effect a dissolution of a corporation coming within its terms, so as to vest in the directors title to its property under section 2295, supra, but merely to suspend its operation while it is in default. *Smith v. Highland Mary Mining, M. & P. Co.*, 82 Colo. 288, 259 Pac. 1025; *Ruth v. Devany*, 84 Colo. 476, 271 Pac. 623; *Federal Crude Oil Co. v. Yount-Lee Oil Co.* (Tex. Com. of App.), 35 S. W. (2d) 111.

In ejectment suits, the plaintiff must rely upon the strength of his own title. In the case at bar the plaintiff had no title.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.