No. 17,100.

FASTENAU *v*. ENGEL.
(270 P. [2d] 1019)

Decided May 24, 1954.

Messrs. CHUTKOW & ATLER, Mr. NATHAN LEE BAUM, Mr. ARNOLD M. CHUTKOW, for plaintiff in error.

Mr. GEORGE M. GIBSON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS cause has heretofore been considered by our Court. *Fastenau v. Engel,* 125 Colo. 119, 240 P. (2d) 1173. In our former opinion the judgment of the trial court was reversed "and the cause remanded with directions to the trial court to strike the additional defenses and proceed to trial on the issues made on the complaint, answer and cross complaint." This direction was followed and said issues of law and fact were resolved in favor of defendant Engel and judgment was entered accordingly. Fastenau, who was plaintiff in the trial court, seeking reversal of that judgment, brings the case here for review by writ of error. We will hereinafter refer to the parties as they appeared in the trial court.

Plaintiff's complaint is captioned, an action to "Quiet Title." Defendant Engel was in possession of the real estate involved under a treasurer's deed dated September 15, 1943. Other persons named as defendants in the action were the executors of the estate of R. A. Shaw, deceased, together with known and unknown heirs at law of said deceased who owned the property at the

time of the issuance of the said deed. No appearance was entered by any defendant except Henry Engel.

The evidence disclosed that R. A. Shaw was record owner of the property at the time of his death. He then was a resident of the State of Texas and his will was admitted to probate in that state. Among other provisions, the will contained the following:

"The provisions for the vesting of my estate in my six children set out in paragraph third of this my last will and testament, is subject to the right of my executors, hereinafter appointed, to have the sole and exclusive right to manage and control the same, *but not to sell the same,* until such time as each and every one of my children shall secure a college degree in the business or profession of their choice. * * *." (Emphasis supplied.)

Plaintiff offered in evidence a deed to the property involved, dated August 24, 1946, and signed by N. J. Shaw and Rodrick L. Shaw as executors of the Estate of R. A. Shaw, deceased. The complaint in the instant case was filed April 15, 1948. Ancillary proceedings were instituted in Colorado in the estate of R. A. Shaw, deceased, and one Mandel Berenbaum was appointed administrator with the will annexed. August 31, 1948, said administrator executed and delivered to plaintiff an administrator's deed conveying to her the property involved herein. This deed also was offered in evidence by plaintiff. Counsel for defendant objected to the admission of each of the above mentioned deeds and his objections were sustained.

It is admitted that the treasurer's deed, under which defendant went into possession of the land in question, is fatally defective, and it is undisputed that defendant at all times since the issuance of said deed has been, and now is, in possession of said real estate. No statute of limitations is involved.

Counsel for plaintiff contend that under Rule 105, R.C.P. Colo., it is the duty of the court to make a complete adjudication of the rights of both parties in and to

the real estate involved; that plaintiff by reason of the deed executed by the executors of the Shaw estate had "color of title" and acquired a perfectly valid title subsequent thereto when the deed of the administrator in the Colorado probate proceedings was received; and that because defendant's treasurer's deed was admittedly defective the title of plaintiff should prevail.

Counsel for defendant argues that a plaintiff who seeks to gain possession of real estate must succeed on the strength of his own title and not on the weakness of the title of his adversary who is in possession of the real property involved; that Rule 105, R.C.P. Colo., did not change the substantive law, which was firmly established in all actions regarding possession of real property; that one who seeks ejectment of a party in possession cannot capitalize on the weakness of the title of the one in possession, but can succeed only on the strength of his own title; that the deed signed and delivered by the executors of the Shaw estate was wholly void for the reason that under the express provisions of the will the executors had no power to sell the real estate; that the deed authorized under the ancillary probate proceedings in Colorado was executed subsequent to the filing of the complaint, and was inadmissible as evidence of plaintiff's title as of the date said complaint was filed; and that since there were no debts requiring the sale of the Colorado property, there was no legal justification for the sale of the real estate by the administrator appointed in the ancillary proceedings for the sole purpose of paying the costs thereof.

Questions to be Determined.

First: *Under Rule 105, R.C.P. Colo., can a plaintiff, who is not in possession of real estate, challenge the title of a defendant in possession thereof without establishing in himself a title superior to that under which defendant occupies the land?*

This question is answered in the negative. In the instant case it is contended by counsel for plaintiff that

the action is one in equity in the nature of a suit to quiet title, and that legal principles applicable to actions for ejectment do not apply; however it is clear that the ultimate object sought by plaintiff was the recovery of possession of the land. Our court had occasion to consider a somewhat similar situation in the case of *Vogt v. Hansen,* 123 Colo. 105, 225 P. (2d) 1040. We quote from the opinion in that case: "Since the only possible purpose of the action here involved, whatever it may have been denominated, was to procure the ultimate recovery of possession, and it was sought by this action to remove the one obstacle preventing such recovery, to say that this was not an action for such recovery would seem mere quibbling."

One of the well-established principles of law applicable to actions for possession of real estate is stated in 74 C.J.S., page 65, section 42, which we quote in part as follows: "Where plaintiff is not in possession of the property, a defendant in an action to quiet title may effectually resist a decree against himself by showing simply that the plaintiff is without title, since if the plaintiff has no title he cannot complain that someone else, also without title, asserts an interest in the land."

In *Goodrich v. Union Oil Company of California,* 85 Colo. 218, 274 Pac. 935, our Court said, inter alia: "It is the law in suits of this nature that the plaintiffs must rely on the strength of their own title, and not on the weakness or supposed weakness of their adversaries'. This simply means that when plaintiffs have no title or interest of their own, defendants' title or interest is not their concern. We have so held before. *MacKay v. Silliman,* 84 Colo. 220, 269 Pac. 901. It is a rule of law made for the peace and good order of society. Its violation here has brought grief to plaintiffs, untold injury to defendants, unnecessary work for the courts, and useless expense to the county and state." To like effect is *Bothwell v. Denver Union Stockyards Co.,* 39 Colo. 221, 90

Pac. 1127; *Horn v. Hurwitz,* 78 Colo. 343, 241 Pac. 727; *Bokel v. Zitnik,* 93 Colo. 565, 27 P. (2d) 753.

 The rule stated in the cases above cited is one of substantive law, and the adoption of Rule 105 R.C.P. Colo. made no change therein. Although our Court has power by rule to prescribe practice and procedure in civil actions, it is expressly provided by chapter 80, Session Laws of Colorado 1939, page 264, that, "Such rules shall neither abridge, enlarge, nor modify the substantive rights of any litigants."

Second: *Under the evidence admitted, and that offered by plaintiff and excluded by the court, did plaintiff establish a title in herself sufficient to force defendant to establish the legality of the title under which he remained in possession of the land?*

 This question is answered in the negative. As already stated, plaintiff offered in evidence to establish her title derived from Shaw, two deeds, to each of which defendant objected, which objections were sustained by the court. One of these deeds, Exhibit B, was the instrument signed by the executors of the estate of Shaw purporting to convey to plaintiff the realty in question. At the time it was offered it was not shown that the will of R. A. Shaw, deceased, conferred any power whatever on his executors to sell any real estate. On the contrary, it appears that, under the express provisions of the will, the executors were forbidden to sell the land; thus this deed was in direct contravention of the terms of the will. Real estate, upon the death of the owner, descends to the heirs and not to the personal representatives of the deceased owner. *Adams v. Slattery,* 36 Colo. 35, 85 Pac. 87.

 In volume 21, American Jurisprudence, at page 695, the following pertinent statement of the applicable rule is found: "Real estate, however, is considered an asset of the estate available for the payment of the decedent's debts only where the personal estate is insufficient for that purpose. Generally, unless the will of an

executor vests him with the `power of selling realty, a personal representative of a decedent can sell the real estate only when it is necessary to pay debts of the decedent, and then only pursuant to an order of the probate court and subject to its directions." The executors' deed, made without power conferred by the will, is absolutely void and conveys no title of any kind to the grantee named therein.

The second deed, Exhibit C, offered in evidence by plaintiff to establish her title to the land, was executed by one Berenbaum, administrator with the will annexed of the estate of R. A. Shaw, deceased. This instrument contained an order of the county court of Lincoln county, Colorado, directing the sale of the property in question and purporting to convey such property to plaintiff. Counsel for defendant objected to the admission in evidence of the instrument on the ground that the deed was acquired long subsequent to the institution of the action; that the same was an after-acquired title; and was incompetent to support the complaint. The trial court committed no error in sustaining this objection.

■ ■ In an action of this kind the pertinent date fixing the rights of the parties, is the date upon which the complaint is filed. No muniment of title acquired thereafter is admissible in evidence and a plaintiff cannot bolster a claim to title by acquisition of title papers subsequent to the institution of an action, unless, by supplemental pleadings, issues are framed based upon the subsequently acquired instrument. The pertinent rule is stated in 28 C.J.S., page 862, section 17, as follows: "Ejectment cannot be supported by a title acquired after action commenced nor can a defective title be aided by conveyances made pending suit." In *Sayre v. Sage,* 47 Colo. 559, 108 Pac. 160, our Court said, inter alia: "The possession at issue, as made by the pleadings, was the possession as it existed at the time the suit was commenced. If the defendant, by taking possession after the issues were made by the pleadings originally filed,

could defeat the plaintiff's right to maintain his suit (a proposition upon which we express no opinion), it was necessary for him to have presented that issue by a supplemental answer. Matters occurring after the issues are made by the original pleadings cannot be considered or embraced in a decree unless brought into the case by supplemental pleadings."

Rule 15 (d) R.C.P. Colo., provides: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

Plaintiff filed no supplemental pleadings in the present action; no request was made so to do; and she cannot now successfully complain that the trial court refused to consider the conveyance executed after the commencement of the action.

The foregoing disposition, with reference to the last-mentioned deed, makes it unnecessary for us to consider the question as to whether the Colorado probate court, in authorizing the sale of the real estate, acted in excess of its jurisdiction in the absence of the existence of any debts or claims other than the costs of administration in said ancillary proceedings.

The judgment is affirmed.