No. 18,421.

HOYT F. NELSON, ET AL. *v.* J. V. VAN CLEVE.
(352 P. [2d] 269)

Decided May 16, 1960.

Mr. Maurice Reuler, Mr. H. Shields Mason, for plaintiffs in error.

Mr. Benjamin E. Sweet, for defendant in error.

*En Banc*

Mr. Justice Hall delivered the opinion of the Court.

We will refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff.

Plaintiff on January 30, 1957, filed his complaint labelled a "Complaint for Declaratory Judgment," wherein he alleged ownership, *derived from recorded deeds from prior owners,* and possession of two tracts of land situated in Jefferson County, in the Town of Evergreen in the state of Colorado, described as follows:

"A. A tract of land seven and one-half (7½) feet, more or less, in width and twenty (20) feet, more or less, in length, which adjoins the North line of State Highway #27 and the West line of the Mary Ross Tract, the North boundary line of said tract being the South boundary line of Lot 140, Mary N. Williams Estate Addition to the Town of Evergreen. [Referred to as the "7½ foot strip."]

"B. A tract of land described as follows:—Beginning at a point from whence the angle point of East line of Lot 140, Mary N. Williams Estate Addition to the Town of Evergreen, bears North 6° 12′ West 69.02 feet; thence South 77° 40′ West 24 feet; thence South 12° 20′ East 24 feet to the true point of beginning; thence South 77° 40′ West 26 feet to the projected East boundary of the present stairway to Lot 140, thence Northerly along the East line of said stairway 6 feet, more or less, to the South

Boundary line of Lot 140; thence along the South boundary line of Lot 140 to the West line of tract deeded in Book 540, page 519, thence South 12° 20′ East 12 feet, more or less, to the point of beginning, said East line of the above described tract being located immediately adjacent to the West stone wall of the Cecil Powers Building." (Referred to as the "triangular strip.)

Plaintiff also alleged that defendants claim some interest in said tracts adverse to plaintiff's title.

The prayer of the complaint was that defendants be required to set forth and specify what interest or title, if any, they claim in or to said tracts, and that they be enjoined from hereafter asserting any claim, interest, or title therein and from interfering in any manner with the possession and use of the same by the plaintiff, his heirs, and assigns; for costs of the action, and for such other, further, or different relief as may be proper or necessary.

Defendants in their answer deny that the plaintiff is the owner of or in possession of or entitled to the possession of said tracts, or either of them, and in five separate defenses alleged that defendants are the owners of Lot 140 in the Mary N. Williams Estate Addition to the Town of Evergreen, a platted subdivision in Jefferson county, as shown on the official plat thereof recorded in Plat Book 3 at page 23 of the Jefferson county records, dated July 10, 1917. They further alleged that said Addition was platted by Henry F. May through whose estate and title plaintiff based his title to the property in question, and that in said plat the said Henry F. May made a dedication which is as follows:

"And the undersigned does hereby establish as private rights of way the lanes, roads, drives and avenues thereon shown, but with the right of the undersigned, his heirs or assigns, at any time hereafter to dedicate the said lanes, roads, drives and avenues as public highways or to vacate the same as private rights of way and in such event the title to the portions of said tracts so

vacated shall revert to and belong to the undersigned, his heirs and assigns, provided, however, that in case the only means of ingress and egress of any lot purchaser is through and along any such private road, then the same shall not be vacated unless the undersigned shall substitute another private or public road of equal or better gradient for said purchaser * * *.

"4. That the provisions hereof shall inure to the benefit of and be binding on the heirs and assigns of the undersigned and each and every person taking any grant or conveyance from the undersigned and such provisions shall be held and considered as covenants running with the land and that all instruments in writing effecting the title of any of the lots above mentioned shall be subject to the provisions hereof."

Defendants further allege that the tracts involved are a portion of a platted lane or private roadway dedicated as aforesaid, and that the only means of ingress and egress to defendants' property has been and now is through the use of said platted roadway. Defendants allege that no vacation of said dedication or substitution of other public or private rights of way of equal or better gradient has ever been made. Defendants assert title to such tracts by adverse user, continuous, open, notorious, visible and absolute possession.

A pre-trial conference was had, and on June 27, 1957, the day of trial, the parties entered into a stipulation in writing wherein it was agreed that plaintiff is the owner of what is designated as the "Mary Ross Tract" in the plat referred to; that plaintiff had constructed a building thereon, part of which:

"* * * extends over onto one of the parcels in dispute * * *. * * * that when this action was commenced the plaintiff had started construction on such disputed strip by installation of concrete footings, I-beams, and a septic tank, and that further construction on said strip has been suspended pending this action."

It was also agreed in the stipulation that defendants

are the owners of Lot 140 in said Addition; that Lot 140 is contiguous to and adjoins the Mary Ross Tract on the west, and that the south boundary line of Lot 140 is the north line of said disputed strips. It was further stipulated that all of said properties are within the boundaries of the property platted by said Henry F. May and that the disputed strips were part of what Henry F. May dedicated as a "private road or lane," which dedication was in words as hereinabove set forth, and that neither Henry F. May nor any heir, personal representative, trustee or assign of his ever vacated the above mentioned dedication or made any public dedication of said private road or lane.

It was further stipulated that The Denver National Bank, as the duly appointed, qualified and acting trustee under the will of Henry F. May, executed and delivered a quit claim deed embracing said two strips to the plaintiff. The defendants contend that this deed is ineffective for the reason that the bank never had any interest in the strips purported to be conveyed.

The plaintiff, in support of his allegation that his ownership of the strips in question is derived from recorded deeds from prior owners, introduced in evidence recorded quit claim deeds from The Denver National Bank and Jefferson County. He offered no testimony with reference to possession or any other matter and rested his case relying upon the deeds, abstracts of title, pictures, plats and stipulation as outlined above. The abstracts of title admitted in evidence show that on June 29, 1917, one John F. Truesdell conveyed to Henry F. May 160 acres of land which include the strips in dispute herein, and that on July 6, 1917, Mr. May filed the plat and dedication above set forth. From said abstract it further appears that on December 24, 1917, Henry F. May by deed conveyed all his title to said lands to one John S. Macbeth. Such deed effectually divested May of all title to the 160 acre tract, including the two strips involved herein.

The Denver National Bank served as trustee of the estate of Henry F. May. May at the time of his death had no interest in the lands; consequently the bank, as trustee, acquired no interest therein. The record further shows that the real property in question was never claimed by the trustee of the May estate, and that it was never included in the inventory to the court which administered that estate.

The deed of The Denver National Bank, upon which plaintiff predicates his claim of ownership, was wholly ineffectual, just as in any deed from a complete stranger to the title.

Plaintiff also relies upon a deed executed by Jefferson County and delivered to plaintiff to sustain the allegation in plaintiff's complaint that:

"* * * the plaintiff's ownership * * * is derived * * * from recorded deeds from prior owners * * *."

There is no evidence in the record to indicate that Jefferson County ever had any interest in or title to the property in question; it never was a "prior owner" or an owner in any respect.

A person not in possession asserting title to real property and seeking to enjoin others from claiming an interest therein or possessing the same has the burden of furnishing evidence which would enable the court to rest its decision on the strength of his title, rather than on the supposed weakness of the title of others claiming interests in the property.

"Where plaintiff is not in possession of the property, a defendant in an action to quiet title may effectually resist a decree against himself by showing simply that the plaintiff is without title, since if the plaintiff has no title he cannot complain that someone else, also without title, asserts an interest in the land. * * *."

74 C.J.S. 65, §42.

In *Goodrich v. Union Oil Co.*, 85 Colo. 218, 274 Pac. 935, this court said:

* * * It is the law in suits of this nature that the

plaintiffs must reply on the strength of their own title, and not on the weakness or supposed weakness of their adversaries. This simply means that when plaintiffs have no title or interest of their own, defendants' title or interest is not their concern. We have so held before. *MacKay v. Silliman,* 84 Colo. 220, 269 Pac. 901. It is a rule of law made for the peace and good order of society. * * *."

See, also, *Bothwell v. The Denver Union Stockyards Company,* 39 Colo. 221, 90 Pac. 1127; *Horn v. Hurwitz, et al.,* 78 Colo. 343, 241 Pac. 727; *Bokel v. Zitnik,* 93 Colo. 565, 27 P. (2d) 753; *MacKay v. Silliman,* 84 Colo. 220, 269 Pac. 901; *Vogt v. Hansen,* 123 Colo. 105, 225 P. (2d) 1040, and *Fastenau v. Engel,* 129 Colo. 440, 270 P. (2d) 1019.

Defendants' answer to the complaint put plaintiff's allegations of title and possession squarely in issue. Plaintiff has failed to prove either of the allegations of his complaint necessary to state a claim entitling him to relief.

■ We have reviewed the evidence offered by defendants in support of their claim to the property predicated on a prescriptive right and find that the court was correct in its determination that they failed to prove a prescriptive right by adverse possession. They failed to prove that any possession which they may have had, or which their predecessors had, was continuous and exclusive during the statutory period of eighteen years. Defendants in their answer and counterclaim allege:

"That ever since * * * July 10, 1917, the defendants and their predecessors, *as well as other members of the general public similarly situated* have used the property *described in plaintiff's complaint* for a public right-of-way * * * ." (Emphasis supplied.)

Proof of the above allegation negatives defendants' contentions now presented that they were in the open, notorious, exclusive possession of the property, adverse to any and all other claimants.

Plaintiff has failed to establish any title in the disputed strips, through his recorded deeds or otherwise. Defendants have failed to establish title by prescription or otherwise. Both the complaint and the counterclaim must fail for lack of proof.

The judgment wherein it is decreed that plaintiff is the owner and entitled to possession of the tracts involved is erroneous and is reversed and the cause remanded to the trial court with instructions to vacate the judgment under review, and to dismiss the complaint of the plaintiff and the counterclaim of defendants, each party to pay his own costs in the trial court and in this court.

MR. CHIEF JUSTICE SUTTON specially concurs.

MR. JUSTICE MOORE not participating.

MR. CHIEF JUSTICE SUTTON specially concurring:

I concur in the result of the majority opinion. I cannot concur fully in how it arrived at its conclusion. I believe it should have discussed and disposed of the *stipulated fact* of plaintiffs' then possession of the land in dispute. It seems incongruous to me to start on that premise and then without explanation rest the decision on (1) authorities where there was no possession and (2) on no color of title. So based the result would clearly be erroneous.

The opinion in this regard states: " * * * the parties entered into a stipulation in writing wherein it was agreed * * * 'that when this action was commenced the plaintiff had started construction on such disputed strip by installation of concrete footings, I beams, and a septic tank, * * * '."

It further states that "He (plaintiff) offered no testimony with reference to possession or any other matter and rested his case relying upon the deeds, abstracts of title, *pictures,* plats and *stipulation* as outlined above." (Emphasis supplied.)

No comment is made of the fact that the pictures show that the disputed land is a narrow passageway between two existing buildings with a steep hill blocking one end; or, that the construction started by plaintiff effectively is blocking this way and will utilize all of it for plaintiffs' building. The I beams are shown clear across the top of the space; a huge pile of dirt blocks one end of the passageway; the footers outline the area taken. No one effective taking was possible until the work of enclosing was completed. If this isn't possession, what is it?

*Bouvier's Law Dictionary,* vol. 3, defines possession in several different ways, none of which are contrary to my views herein expressed. Among these are: "The detention or enjoyment of a thing which a man holds or exercises by himself * * * ."

"By the possession of a thing we always conceive the condition in which not only one's own dealing with the thing is physically possible, but every other person's dealing with it is capable of being excluded."

"Actual possession exists where the thing is in immediate occupancy of the party."

"Possession is the occupation of anything with the intention of exercising the rights of ownership in respect to it."

"Proof of the possession of property is commonly said to be *prima facie* evidence of title to it;"

To complete possession one must seize or *occupy* the land and have an *intent* to possess it. Both of these essentials were shown here.

In the instant case plaintiff made a *prima facie* showing of title but where he failed in his proof was in relying upon color of title for he could not bring himself within the requirements of our statute (C.R.S. '53, 118-7-8). And not being able to offer proof of adverse possession of the land for the 18-year period required by C.R.S. '53, 118-7-1, since he had only recently taken possession with the intent to exclude all others and

extend part of his building onto it, he, of course, failed to establish any title in himself. If this building is completed and remains there for the 18-year period with intent to exclude all others, naturally he could then quiet title to this land.

Thus I believe it is not correct for the majority opinion to say that plaintiff had no possession when what should be said before applying the possession cases as determinative is that the plaintiff failed to prove adverse possession for any period required by our statutes.